UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/07

------------------------------------------------------x

SALVATORE GIZZO,

        Petitioner,

- against -                                             02 Civ. 4879 (CM)

IMMIGRATION AND NATURALIZATION
SERVICE,

        Respondent.

------------------------------------------------------x

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

McMahon, J.:

### Introduction

Petitioner, a lawful permanent resident, applied for naturalization but his application was denied after an administrative hearing by respondent Immigration and Naturalization Service ("INS"). Petitioner appealed for a *de novo* rehearing before this Court under 8 U.S.C. § 1421(c) and then moved for summary judgment seeking a grant of naturalization. Before this Court acted, however, respondent vacated its administrative denial of petitioner's application and accordingly cross-moved to dismiss the petition under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Respondent argues that this Court lacks subject matter jurisdiction to hear petitioner's claim and that the claim should be dismissed as moot or, in the alternative, as not ripe for consideration.

## Background

Facts

The facts applicable to this motion are not disputed. Petitioner, an Italian national, has been a lawful permanent resident of the United States since 1960. On February 3, 1972, petitioner was arrested for possession of stolen property in Mt. Vernon, New York, but this charge was dismissed. (Declaration of F. James Loprest, Jr. ("Loprest Decl."), sworn to Nov. 3, 2006, at 172.) Some years later on July 12, 1993, petitioner pleaded guilty to the misdemeanor of failure to file income taxes for 1986, 1987 and 1988 and was sentenced to a term of four months imprisonment. (Id. at 153.) Petitioner surrendered himself to serve that sentence on January 3, 1994. (Id. at 148.)

Petitioner applied for naturalization on or about February 8, 1999. (Id. at 20.) INS denied petitioner's application because he was not of "good moral character." See 8 U.S.C. § 1427(a)(3). INS came to this conclusion after finding that petitioner had been arrested on February 3, 1972, July 7, 1993 and January 3, 1994 (when he was not arrested, but surrendered to begin serving his sentence). (Loprest Decl. at 20.) Petitioner appealed this denial to INS. On March 9, 2002, INS upheld the denial, again describing petitioner's surrender as a third arrest. (Id. at 4.) Petitioner then initiated the present appeal to this Court pursuant to the Immigration and Nationality Act of 1952 ("INA") § 310(c), 8 U.S.C. § 1421(c).

Since petitioner filed this action, however, the Bureau of Citizenship and Immigration Services ("CIS"), which assumed the functions and responsibilities of INS, vacated INS's denial of petitioner's application in September 2006 and reopened the matter for renewed consideration. The government asserts that, since the denial has been vacated and petitioner's application is

once again under consideration, the present action is moot. Alternatively, the government argues that petitioner's claim is not ripe for review. In either case it asserts that this Court lacks subject matter jurisdiction. The government has cross-moved under Rule 12(b)(1) to dismiss this petition for lack of subject matter jurisdiction accordingly.

## Discussion

This Court Does Not Have Subject Matter Jurisdiction Over The Petition

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and, "Judicial review in immigration matters is narrowly circumscribed." Langer v. McElroy, No. 00 Civ. 2741, 2002 WL 31789757 (S.D.N.Y., Dec. 13, 2002). When a federal court "lacks jurisdiction over the subject matter" of a claim, Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of that claim. Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the court must assume the truth of the petition's factual allegations. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Petitioner bears the burden of establishing the court's jurisdiction by a preponderance of the evidence, see Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002), but a court is not to draw inferences favorable to the party asserting jurisdiction. See Norton v. Larney, 266 U.S. 511, 515 (1925).

Petitioner filed this action pursuant to INA § 310(c), 8 U.S.C. § 1421(c). According to § 310(c),

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial

> before the United States district court for the district in which such
> person resides in accordance with chapter 7 of Title 5. Such review
> shall be de novo, and the court shall make its own findings of fact
> and conclusions of law and shall, at the request of the petitioner,
> conduct a hearing de novo on the application.

This section provides the district court with jurisdiction to review *denials* of naturalization applications.

While petitioner's application for naturalization had indeed been denied, that denial was later vacated by CIS. Accordingly, petitioner is no longer, "A person whose application for naturalization . . . is denied," and § 310(c) no longer applies. Because neither § 301(c) nor any other INA provision provides this Court with jurisdiction to review denials of applications subsequently vacated by CIS, this action must be dismissed for lack of subject matter jurisdiction.

Petitioner claims, however, that his initial appeal to this Court under § 301(c) divested jurisdiction over his application from INS and CIS. In support of this assertion, petitioner relies primarily on United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc).

In Hovsepian, two naturalization applicants filed suit under INA § 336(b), 8 U.S.C. § 1447(b), because the INS had failed to decide their applications within 120 days of their naturalization examinations. Hovsepian, 359 F.3d at 1158-62. In holding that the district court had exclusive jurisdiction over the naturalization application once an action was brought under § 336(b), the Ninth Circuit was persuaded by the provision's precise language, which explicitly grants the district court the power either to "determine the matter" or "remand the matter . . . to the [INS]." See 8 U.S.C. § 1447(b). The Ninth Circuit observed that: (1) a district court could not "determine the matter" if INS could also "determine the matter" and force the court to accept its

-4-

view; and (2) there would be no reason to "remand the matter" to INS if INS retained jurisdiction over it. Hosepian, 359 F.3d at 1160-61.

Moreover, the Ninth Circuit interpreted the Supreme Court's decision in Brock v. Pierce County, 476 U.S. 253, 106 S. Ct. 1834, 90 L. Ed.2d 248 (1986) to hold "that an agency does not lose jurisdiction unless the statute at issue requires that the agency act within a particular time period and the statute specifies a consequence for failure to comply with the time limit." Hovsepian, 359 F.3d at 1161 (emphasis removed). The statute at issue in Hovsepian, § 336(b), grants exclusive jurisdiction to the district court when INS has not acted on a naturalization application for 120 days, effectively providing a deadline for administrative action with consequences, i.e., the ability for a district court to resolve the matter. See Id.

Since § 310(c), the statute at issue in the present case, contains neither the language of § 336(b) that the Ninth Circuit found indicative of divestment nor any temporal deadlines or specific consequences, divestment of jurisdiction from CIS here is unlikely. Hovsepian also tends to support dismissal of the instant case to the extent that it observes, "Under § 1421(c) [INA § 310(c)], the district court has the last word with respect to *denied* applications." Id. at 1162 (emphasis added). Petitioner's reliance on Hovsepian, therefore, is inapposite.

Indeed, this Court has permitted INS and CIS to review denied naturalization applications while a § 310(c) petition is pending in the district court. See, e.g., Jimenez v. U.S. I.N.S., No. 02 Civ. 9068, 2003 WL 22461806, at *2 (S.D.N.Y. Oct. 30, 2003) (CIS granted petitioner's previously denied naturalization application); Jacobo v. Reno, No. 99 Civ. 4609, 1999 WL 34768747, at *1 (S.D.N.Y. Oct. 20, 1999) (INS granted a new hearing on petitioner's previously denied naturalization application).

It is, therefore, well established that CIS had the authority and jurisdiction to vacate its own denial of petitioner's naturalization application. Because CIS did vacate its denial, there is no longer any final agency denial, which would trigger § 310(c) and give this Court jurisdiction over the present petition. Accordingly, petitioner's claim is dismissed for lack of jurisdiction without prejudice as to its eventual renewal.

This constitutes the decision and order of the Court.

Dated: July 10, 2007

_____
U.S.D.J.